1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  EUMI L. CHOI (WVBN 722)
   Assistant United States Attorney
5
       150 Almaden Boulevard
6      San Jose, California 95113
       Telephone: (408) 535-5061
7      Facsimile: (408) 535-5066
       Email: Eumi.Choi@usdoj.gov
8
   Attorneys for the United States of America
9

**FILED**

SEP 1 5 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  UNITED STATES OF AMERICA,          )  No. CR 09-70474 RS
                                       )
14          Plaintiff,                 )  STIPULATION AND [PROPOSED]
                                       )  ORDER EXCLUDING TIME FROM
15      v.                             )  SEPTEMBER 17, 2009 THROUGH
                                       )  OCTOBER 9, 2009, FROM THE SPEEDY
16  AMIR HOSSEIN RASHIDIFAR,           )  TRIAL ACT CALCULATION (18 U.S.C. §
                                       )  3161(h)(7)(A),(B)), AND MOTION TO
17          Defendant.                 )  VACATE SEPTEMBER 17, 2009 COURT
                                       )  DATE
18  _____   )

19

20          On May 27, 2009, in the Northern District of California, San Jose Division, a criminal

21  complaint charging defendant Amir Hossein Rashidifar with one count of violating 18 U.S.C. §

22  1542 (false statement in a passport application) and arrest warrant was authorized.  Defendant

23  was subsequently located in Canada, and deported to the United States.  He made his Rule 5

24  initial appearance in the Western District of New York (Buffalo) on August 13, 2009.  After

25  being advised of the provisions under Rule 20, the pending charge and its potential penalties,

26  defendant waived his rights to a Rule 20 hearing, an identity hearing and a preliminary

27  examination in the Western District of New York.  Defendant also did not  oppose the

28  //

CR 09-70474 RS
STIPULATION AND [PROPOSED] ORDER
EXCLUDING TIME                              1

1  government's request for detention, and agreed to his transfer to this district.  He was duly

2  remanded to the custody of the United States Marshals, and transported to this district.

3        On August 27, 2009, defendant appeared before Magistrate-Judge Seeborg. At the request

4  of the parties, the Court had ordered an exclusion of time from August 13, 2009, through

5  September 17, 2009, extending the 30-day period to indict defendant after his arrest, specified

6  under 18 U.S.C. § 3161(b), to afford counsel for defendant an opportunity for further

7  consultation with defendant, and for effective preparation.[1]  The Court also set the matter for

8  September 17, 2009, on this Court's calendar in anticipation of an indictment as indicated by the

9  government.

10        At this time, the parties are requesting an exclusion of time from September 17, 2009,

11  through October 9, 2009, to continue to afford counsel for defendant an opportunity for further

12  consultation with defendant, and for effective preparation.  The parties accordingly also request

13  that the September 17, 2009, court date be vacated.[2]

14        The United States hereby submits this written request for an order finding that said time

15  is excluded under the Speedy Trial Act, 18  U.S.C. § 3161, in that the ends of justice are served

16  by taking such action and outweigh the best interests of the public and defendant in a speedy

17  trial.  18 U.S.C. § 3161(h)(7)(A).  The failure to grant such a continuance would unreasonably

18  deny counsel for defendant the reasonable time necessary for effective preparation, taking into

19  //

20  //

21  //

22  //

23

24

25     [1]   As provided by Rule 5.1(a)(1), defendant, though counsel, further waived a preliminary hearing in the Northern District of California under Rule 5.1(b)(defendant arrested in

26  a district other than where the offense was allegedly committed may elect to have the preliminary

27  hearing in the district of prosecution) and 18 U.S.C. § 3060.

28     [2]   The parties do not request another court date, since another court date will be set upon the filing of a charging instrument in this matter.

CR 09-70474 RS
STIPULATION AND [PROPOSED] ORDER
EXCLUDING TIME       2

1  account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The parties also request

2  that the September 17, 2009, court date be vacated.

3

4  DATED: September 14, 2009                JOSEPH P. RUSSONIELLO
                                           United States Attorney
5

6                                          /S/
                                           _____
7                                          EUMI L. CHOI
                                           Assistant United States Attorney
8                                          Leland B. Altschuler   Digitally signed by Leland B. Altschuler
                                                                  DN: cn=Leland B. Altschuler, o, ou=Law Ofc. of
                                                                  Leland B. Altschuler, email=Lee@Altschuler.Law.
                                                                  com, c=US
9                                          _____ Date: 2009.09.15 00:57:13 -07'00'
                                           LEE ALTSCHULER
10                                         Attorney for Defendant

11

12

13                                         **ORDER**

14          Based upon the stipulation of the parties, and for good cause shown, the Court HEREBY

15  ORDERS that the time from September 17, 2009, through October 9, 2009, is excluded under the

16  Speedy Trial Act, 18 U.S.C. § 3161.  The Court finds that the ends of justice are served by taking

17  such action and outweigh the best interests of the public and defendant in a speedy trial.  18

18  U.S.C. § 3161(h)(7)(A).  The failure to grant such a continuance would unreasonably deny

19  counsel for defendant the reasonable time necessary for effective preparation, taking into account

20  the exercise of due diligence.  The Court therefore concludes that this exclusion of time should

21  be made under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

22          Further, based upon the request of the parties, the September 17, 2009, court date is

23  hereby vacated.

24  IT IS SO ORDERED.

25

26  DATED:

27                                         HOWARD LLOYD
                                           United States Magistrate Judge
28

CR 09-70474 RS
STIPULATION AND [PROPOSED] ORDER
EXCLUDING TIME                             3